*United States of America v. Colabatistto*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand nineteen.

PRESENT:

> JON O. NEWMAN,
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

------------------------------------------------

UNITED STATES OF AMERICA,

    *Appellee,*

       v.                                    No. 17-964-cr

DAMION COLABATISTTO,

    *Defendant-Appellant.*

------------------------------------------------

FOR APPELLANT:                    BRIAN M. MELBER, Personius Melber LLP, Buffalo, NY

FOR APPELLEE:                     MONICA J. RICHARDS, Asst. United States Atty., Buffalo, NY (James P. Kennedy,

United States Atty., Western District of New York, Buffalo, NY, on the brief).

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, C.J.).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT THE JUDGMENT IS CONDITIONALLY AFFIRMED, AND THE CASE IS REMANDED.**

Defendant-Appellant Damion Colabatistto appeals from the April 3, 2017, judgment of the District Court for the Western District of New York (Frank P. Geraci, Jr., Chief Judge) sentencing him principally to imprisonment for life after a jury found him guilty of a narcotics conspiracy, a firearms offense, and a murder.

Viewed in the "light most favorable to the [G]overnment," *United States v. Pizzonia*, 577 F.3d 455, 462 (2d Cir. 2009), the evidence permitted the jury to find the following facts. Colabatistto was an active member and enforcer of a narcotics trafficking group headed by Pablo Plaza and Plaza's brother. During an altercation, a rival drug dealer, Terrance Ellison, had cut Colabatistto's face and stabbed Plaza. At a meeting of the Appellant's gang, Plaza told the group to look for Ellison and "take care of that." Colabatistto, along with Angelo Ocasio and three other members of the gang, drove to a house where they believed Ellison was living. Colabatistto and Ocasio were each carrying a .357 firearm. They got out of the car and, from the sidewalk, began shooting at a window on the second floor of the house. Two bullets struck and killed Meosha Harmon.

Evidence of the Appellant's role in drug trafficking included an episode where he and Ocasio beat up a rival drug dealer over a territorial dispute. On another occasion the Appellant moved drugs out of a store house for a gang member who feared that the police would raid the house. On one occasion the Appellant was observed in possession of a quantity of cocaine.

A superseding indictment charged the Appellant in Count 1 with a narcotics conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) , 841(b)(1)(c), and 846; in Count 2 with possession and discharge of firearms in furtherance of the Count 1 conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and  2; and in Count 3 with murder with firearms in furtherance of the Count 1 conspiracy, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(j)(1), and 2. With respect to Count 3, Chief Judge Geraci charged

the jurors that they could find the Appellant guilty as a principal or on either of two theories of vicarious liability: as an aider and abettor, *see* 18 U.S.C. § 2, or as a co-conspirator liable for an offense committed in furtherance of the Count 1 conspiracy, *see Pinkerton v. United States*, 328 U.S. 640 (1946).

The jury found the Appellant guilty on all three counts. Chief Judge Geraci sentenced Colabatistto to 240 months on Count 1, a consecutive five year sentence on Count 2, and a concurrent life sentence on Count 3.

The guilty verdict on Count 2 meant that the jury found, as the verdict form stated, that the Appellant was guilty of "[k]nowing and unlawful use, carry[,] and discharge of firearms during and in relation to, or possession and discharge of firearms in furtherance of, a drug trafficking crime." However, with respect to Count 2, the verdict form included an interrogatory, which instructed the jurors, only if they found the defendant guilty on Count 2, to indicate whether the following statement was proven or not proven: "We the jury find that the defendant Damion Colabatistto did discharge a firearm during and in relation to, or in furtherance of, a drug trafficking crime." The jurors checked "Not Proven."

The Appellant contends that the Count 2 interrogatory response requires vacating his conviction on Count 3. His argument does not begin, as one might have thought, by contending that the interrogatory response of "not proven" is inconsistent with the guilty verdict on Count 2. Instead, he reasons as follows. The interrogatory response shows that he did not "discharge a firearm during and in relation to, or in furtherance of, a drug trafficking crime" between in or about 1993 and on or about March 2, 2011; therefore, he could not be liable as the shooter for the July 20, 2009, murder charged in Count 3 because the jury found that he did not discharge a firearm in 2009; therefore, his conviction on Count 3 must rest on the jury's concluding either that he aided or abetted another person who murdered the victim, or that, under *Pinkerton*, the murder was committed in furtherance of a conspiracy that he joined; and, finally, that the evidence was insufficient to support a conviction on either an aiding and abetting or a *Pinkerton* theory.

The Government responds that the evidence was sufficient to support a Count 3 conviction on either of the two bases of vicarious liability included in the jury charge. *See United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir. 1996) ("When the jury is properly instructed on two alternative theories of liability, as here, we must affirm when the evidence is sufficient under either of the theories.") (internal citation omitted).

One basis was so-called *Pinkerton* liability under which a defendant who becomes a member of a conspiracy is liable for a substantive offense that is committed in furtherance of the conspiracy and is foreseeable by that defendant. *See Pinkerton*, 328 U.S. at 645, 647-48. In the pending case, there was ample evidence that a murder was foreseeable and would be carried out in furtherance of the narcotics conspiracy that Colabatistto joined. He had a motive to murder Ellison, a rival drug dealer who had cut his face; he was at the meeting where the narcotics trafficking gang, of which he was a member and enforcer, was directed to "take care of" Ellison; he and another gang member, Ocasio, both armed, left the meeting and drove to the building where Ellison was believed to live; he, at a minimum, pointed his weapon at the building while Ocasio fired at a window of an upstairs apartment in that building, killing a person in the apartment, who turned out to be Harmon. Under the doctrine of transferred intent, the jury was entitled to find that Ocasio intended to murder Harmon, even though, when he fired, he intended to murder Ellison. *See United States v, Rahman*, 189 F.3d 88, 141 (2d Cir. 1999). Under the *Pinkerton* doctrine, included in the jury charge, the jury was entitled to find Colabatistto guilty on Count 3.

The Appellant also contends that the Count 2 interrogatory response showed that he was entitled to a downward departure from the Count 3 life sentence pursuant to application note 2(B) to U.S.S.G. § 2A1.1. Note 2(B) provides, in part: "Felony Murder.—If the defendant did not cause the death intentionally or knowingly, a downward departure may be warranted." However, the District Judge permissibly found, in sentencing Colabatistto, that he and Ocasio fired their weapons directly at a window where Harmon was located. *United States v. Vaughn*, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct . . . .") The Judge therefore found that the murder for which Colabatistto was convicted was premeditated, and accordingly did not err in determining that a downward departure under Note 2(B) was unwarranted.

Colabatistto challenges the Guidelines calculation to the extent that it attributed all of the gang's drugs to him. However, that attribution was permissible in view of his role as an enforcer for the gang. Furthermore, any error in using offense level 43 for Count 1 based on drug quantity would have been harmless because, apart from drug quantity, the offense level for that count would still have been 43 because of the cross-reference in U.S.S.G. § 2D1.1(d)(1) for murder. The presentence report reported Colabatistto's role in three murders.

One matter requires further consideration. From the sentencing transcript it is not entirely clear whether the District Judge permissibly imposed the life sentence in the

4

exercise of his discretion or incorrectly believed that such a sentence was mandatory. Because of that uncertainty, we will conditionally affirm the judgment and remand to afford the District Judge an opportunity to clarify in a written order his understanding of his sentencing options. If he believed that a life sentence was a mandatory requirement, he should resentence the defendant and exercise his discretion to impose an appropriate sentence, which may include life imprisonment. On the other hand, if the life sentence was originally imposed in the exercise of the Judge's discretion, then the condition of our affirmance will be deemed removed, and the judgment will be deemed affirmed, without further order of this Court.

The judgment of the District Court is conditionally affirmed as explained in this Order, and the case is remanded.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court